## KERR v. ORKIN EXTERMINATING CO., Inc.
No. 71-C-3649.

Circuit Court, Palm Beach County.

October 25, 1973.

Roger H. Harper, Boca Raton, for the plaintiff.

Charles Chillingworth of Caldwell, Pacetti, Barrow & Salisbury, Palm Beach, for the defendant.

LEWIS KAPNER, Circuit Judge.

This is an action on a contract between the defendant, Orkin, and the plaintiff, Linda Kerr, to service plaintiff's home for termites and to guarantee plaintiff against certain losses resulting from termite action.

Plaintiff and defendant entered into a one-year contract, with annual renewal options, on November 4, 1968 regarding termite control. There were termites in plaintiff's house at the time of the contract but little or no visible damage from said termites. Despite the initial treatment and repeated subsequent treatments, the termites prospered. Because of this, plaintiff did not renew the contract. Nevertheless, she continued to call on Orkin to eliminate the termites and Orkin continued to respond. This continued until March 11, 1971.

Defendant concedes liability as guarantor of all damages from new damage caused by subterranean termites after the date of the

initial treatment, but denies liability for any damage done subsequent to the expiration of the contract. Defendant further points out Block No. 1, reverse of contract, and General Terms and Conditions, number 1 through 6, all of which are limiting provisions of the contract. The court finds that numbers 3 and 4 are not applicable to this case and numbers 5 and 6 are matters of affirmative defense which were not raised in the pleadings. The applicable portions are as follows —

> Block No. 1, reverse of contract: "Orkin will be responsible for repairs only when made with Orkin approval and under Orkin supervision and control."

> General Terms No. 1: "Orkin is not responsible for the repairs of visible damage existing as of the date of this contract except as such damage is described on the Graph and Specification Sheet attached hereto and for which a specific charge for the repair of same is being made as indicated on the face of this service order."

> General Terms No. 2: "Orkin shall not be responsible for the repair of any damage which existed in areas or in structural members which were not accessible for visual inspection as of the date of this contract."

From the evidence and the terms of the contract the court concludes as follows —

1. Some of the damage existed and was apparent (see diagram) at the time of the signing of the contract. Defendant is not liable for this except as specified in the diagram. (See Block No. 1, reverse of contract, and General Terms No. 1 and No. 2.)

2. Some of the damage which existed at the time of the signing of the agreement was unexposed. Defendant is not liable for this. (See General Terms No. 2.)

3. Some of the damage was exacerbated during the period from November 4, 1968 to November 3, 1969 and the period from November 4, 1969 to March 11, 1971 (the date of the last service call). Defendant is liable for increased damage during this period because of contractual liability in the first instance and because they undertook to correct the situation in the second, thus assuming liability for continued exacerbation during that period.

4. Some of the damage occurred subsequent to March 11, 1971 to the present. Defendant is not liable for this damage except to the extent that said damage was a natural result of the other damage for which defendant is liable.

Plaintiff testified that she did extensive repair work, including carpentry, plastering, paneling, flooring, windows, etc. She spent nearly $1,000 for this work, and the repairs are not yet completed. Robert Baker testified that a contractor would probably bid $6,000 to $7,000 to repair all the damage, but this opinion was not substantiated.

It is thereupon ordered that plaintiff shall recover from the defendant the sum of $1,000, for which let execution issue.